```
                  UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS


PAMELA A. JONES,                  )
         Plaintiff                )
                                  )
         v.                       ) C.A. No. 09-cv-30004-MAP
                                  )
METROPOLITAN LIFE INSURANCE       )
CO., ET. AL.,                     )
         Defendants               )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS FOR
PARTIAL DISMISSAL AND REMAND
(Dkt. Nos. 28 & 32)

July 29, 2010

PONSOR, D.J.

I.   INTRODUCTION

Plaintiff, Pamela Jones, filed a ten-count complaint against her employer, Defendant Walgreen Company ("Defendant Walgreen"); Metropolitan Life Insurance Company, the claims administrator for Defendant Walgreen's Income Protection Plan for Store Managers ("Defendant MetLife"); and Michael Campbell ("Defendant Campbell"), an employee of Defendant Walgreen.  Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; wrongful termination; and violations of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

Defendants MetLife and Walgreen have filed motions pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), seeking partial dismissal of the ERISA claims and a remand to Defendant MetLife for a re-determination of Plaintiff's eligibility for benefits.  For the reasons stated below, Defendants' motions will be denied in part and allowed in part.

## II.  FACTS

Plaintiff became a Walgreen store manager in 1986, when Defendant Walgreen purchased the pharmacy in Enfield, Connecticut, at which Plaintiff had been an employee.  As a store manager, she was a participant in Defendant Walgreen's Income Protection Plan (the "Plan"), which provided "salary-continuation benefits to Walgreens store managers when a 'disability,' defined by the Plan as resulting from illness, injury or pregnancy, prevents such store manager from working."  (Dkt. No. 1, Compl. ¶ 56).

In January of 2004, Plaintiff slipped on ice while unloading a truck, injuring her right knee.  Six months

later, on or about June 3, 2004, Plaintiff was instructed to take disability leave by Jerry Telson, Defendant Walgreen's District Manager.  During her leave, she received benefits in accordance with the terms of the Plan.

While on leave, Plaintiff concluded that Defendant Walgreen was discriminating against female employees.  She returned to work as a Training Manager in May of 2005 and filed a gender discrimination suit against Defendant Walgreen in July of that year.

In October 2005 Plaintiff accepted the position of Store Manager in Springfield.  At the time, she notified Defendant Walgreen of her substantial medical restrictions, including her inability to climb ladders or lift parcels in excess of twenty pounds, her need to minimize bending and squatting, and her need to limit her work hours to eight hours per day.

In mid-2006, Plaintiff requested and received release of jurisdiction and right to sue letters from the Connecticut Commission on Human Rights and Opportunities and the federal Equal Opportunity Employment Commission.  She then filed a class action complaint in the District of

Connecticut on July 9, 2006. For reasons that are not clear on the record, this action is now pending in the Northern District of Illinois.

After receiving notification of Plaintiff's suit, District Manager Telson requested Plaintiff's updated medical information, which she furnished on September 11, 2006. Plaintiff's orthopaedic physician (Dr. Luber) stated that Plaintiff had symptomatic ongoing patellofemoral osteoarthritis that would eventually require total knee arthroplasty.

On October 13, 2006, Telson tendered Plaintiff a notice of termination, effective immediately. The letter stated in part:

> Dear Ms. Jones:
>
> I have reviewed the September 11 and September 14, 2006 correspondence from Martin J. Luber, M.D. which outline your permanent work-related restrictions. Based on that information, it is clear that you can no longer perform the essential functions of your position as Store Manager. Therefore, we have no choice but to relieve you of your position effective today[.]

(Dkt. No. 1, Ex. 6.) The notice concluded by informing Plaintiff of her possible eligibility for benefits under the Income Protection Plan. She accordingly applied for short-

term disability ("STD") benefits and, in a letter dated December 15, 2006, Defendant MetLife notified her that the application had been approved. However, by June 20, 2007, she had yet to receive any payments. On that date, Plaintiff sent two letters, one to Defendant MetLife, expressing confusion and inquiring into the status of her claim, and another to Defendant Walgreen's Director of Risk Management & Benefits Accounting, seeking a copy of all Plan documents.

In a letter dated July 20, 2007, Defendant MetLife notified Plaintiff that her claim for benefits had been denied because she had not become disabled until after ceasing to be an employee of Defendant Walgreen. According to Defendant MetLife's record of Plaintiff's claim, Defendant Walgreen, through its agent Defendant Campbell, had reported Plaintiff's date of disability as October 14, 2006, one day after her termination. Apparently, Defendant MetLife took the position that Plaintiff was not an active employee when she became disabled and was therefore not entitled to benefits.

On September 7, 2007, Plaintiff appealed her denial of benefits, noting the absurdity that Defendant Walgreen had terminated her for being disabled and Defendant MetLife had

refused to pay her benefits because her disability supposedly did not arise until after her termination.  While awaiting a response, she received correspondence from Defendant MetLife informing her that her long-term disability ("LTD") benefits were being denied for the same reason -- that she became disabled only <u>after</u> she had been terminated.  On October 9, 2007, Defendant MetLife informed Plaintiff that it was affirming its initial determination and that no further appeals would be considered.

On January 15, 2009, Plaintiff filed this lawsuit, alleging <u>inter</u> <u>alia</u> that Defendant Walgreen improperly denied her claim for LTD and STD benefits.[1]  The relevant portions of the complaint allege as follows:

- Count 5. Defendant Walgreen violated its duties as a Plan fiduciary under ERISA § 404 [29 U.S.C. § 1104]; Defendant Walgreen wrongfully denied Plaintiff's claim for STD and LTD benefits, for which Plaintiff seeks damages pursuant to ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)];

- Count 6. Defendant Walgreen failed to establish and maintain reasonable claims procedures as required under

---

[1] The complaint also alleges that Defendant Walgreen unlawfully terminated her in retaliation for filing the class action suit (Counts 1-4) and failed timely provide certain plan documents in a timely manner as required under ERISA § 502(c)(1)(B) (Count 9). However, those allegations are not at issue here.

ERISA § 503 [29 U.S.C. § 1133];

- Count 7. Defendant MetLife violated its duties as a Plan fiduciary under ERISA § 404 [29 U.S.C. § 1104]; Defendant MetLife wrongfully denied Plaintiff's claim for STD and LTD benefits, for which Plaintiff seeks damages pursuant to ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)];

- Count 8.  Defendant Michael Campbell violated his duties as a Plan fiduciary under ERISA § 404 [29 U.S.C. § 1104]; Defendant Campbell wrongfully denied Plaintiff's claim for STD and LTD benefits, for which Plaintiff seeks damages pursuant to ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)];

- Count 10.  Defendant MetLife failed to timely deny claim and/or properly administer appeal as required under ERISA § 503 [29 U.S.C. § 1133].

Plaintiff seeks payment of her STD and LTD benefit claims. She also seeks damages for emotional distress arising from Defendants' wrongful denial of her claim for benefits and Defendants' failure to establish, maintain, and follow required claims procedures.

On August 31, 2009, Defendant Walgreen's attorney tendered Plaintiff's attorney a check made out to Plaintiff for the amount of $30,840, less withholding.  The accompanying letter stated that the "payment is being made in connection with the decision to reconsider the initial determination that Ms. Jones was ineligible for Short Term Disability benefits

under the Plan because she was not an active employee at the time of her claim." (Dkt. No. 29, Attach. 3.)

On November 10, 2009, Defendant MetLife moved for Judgment on the Pleadings pursuant to Rule 12(c) (Dkt. No. 28) requesting the court to dismiss Counts 7 and 10, the sole counts against it, and to remand Plaintiff's LTD Claim to Defendant MetLife for further review. (Dkt. No. 29 at 1-2.)

On November 20, 2009, Defendants Walgreen and Michael Campbell moved for Judgment on the Pleadings (Dkt. No. 32), requesting the court to dismiss Counts 5, 6, and 8 and reiterating Defendant MetLife's request for remand. (Dkt. No. 33 at 10-11.)

### III. DISCUSSION

"The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). "The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1998) (internal citations omitted).

The court may grant a defendant's Rule 12(c) motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2nd Cir. 1977).

Defendants move for dismissal based on four arguments: (1) Plaintiff's STD benefits have been already paid; (2) Plaintiff's claim for LTD benefits should be remanded to Defendant Metlife for a redetermination as to Plaintiff's eligibility; (3) Plaintiff's claims for damages in excess of benefits under the Plan are not available under ERISA; and (4) Plaintiff cannot recover monetary damages for breach of fiduciary obligations described in ERISA § 404. For the following reasons, the court will deny Defendants' motion regarding the STD benefits claim, will stay and remand Plaintiff's claim for LTD benefits, and will otherwise allow the motions.

    A.   <u>Short-term Disability Benefits</u>

Counts 5, 7, and 8 allege, inter alia, that all three Defendants wrongfully denied Plaintiff's claim for STD

benefits. Pursuant to ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)], a participant is entitled to sue for damages for wrongful denial of benefits. Plaintiff argues that her STD benefits have been wrongfully denied and sues Defendants Walgreen, MetLife, and Campbell under Section 502(a)(1)(B).

Defendants argue that the counts should be dismissed with respect to any claim for STD benefits because the benefits have already been paid. Plaintiff responds that she has not yet been paid in full.

After Plaintiff filed this lawsuit, Defendant Walgreen tendered her a check in an amount of $30,840, less withholding. Defendant Walgreen argues that this is the full amount of Plaintiff's short-term disability benefits and that Plaintiff's claim is now moot. Plaintiff agues that the full amount of STD benefits to which she is entitled is $38,550.20, not $30,840. (Dkt. No. 48, Mem. in Response to Judge Ponsor's Request for Clarification 2 n.3.) Because there is a dispute about the correct amount of Plaintiff's short-term disability benefits, the claim for benefits cannot be dismissed at this stage.[2]

---

[2] It is noteworthy that, in addition to short-term disability benefits, Plaintiff may also be entitled to claim

Counts 5, 7, and 8 will not be dismissed insofar as they allege that Plaintiff is entitled to STD benefits.

   B.   <u>Long-Term Disability Benefits</u>

Defendants argue that, with respect to any claim for LTD benefits, Counts 5, 7, and 8 should be dismissed and remanded to Defendant MetLife. For the following reason, the court will deny the motion to dismiss the LTD benefits claim but will stay the action and remand to Defendant MetLife for an eligibility determination.

A district court's function when reviewing ERISA claims is akin to that of an appellate court. "[The court] does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." <u>Leahy v. Raytheon Co.</u>, 315 F.3d 11, 18 (1st Cir. 2002). In this case, the court lacks a sufficient administrative record on which to determine whether the original denial of benefits was substantively correct. The absence of any basis for Defendant MetLife's claim denial has left the court with no administrative record to review. The court can determine

---

fees and interest.

that Defendant MetLife's original determination was based on faulty information, but to go further would essentially require the court to determine the validity of Plaintiff's claim. If the court is going to make an eligibility determination, it is preferable to have access to an administrative record laying out MetLife's position and the substantive reason for its denial.

Defendant MetLife has indicated that it would require no longer than sixty days to assess Plaintiff's disability claim. The court will therefore stay this matter for a period of sixty days while Defendant MetLife evaluates the claim. If Plaintiff is unsatisfied with Defendant MetLife's decision, she can resume this proceeding, and this court will be better positioned to make a determination at that time.

Insofar as they allege that Plaintiff is entitled to LTD benefits, Counts 5, 7, and 8 will be stayed for sixty days from the date of this memorandum.

   C.   <u>Emotional Distress Damages</u>

Plaintiff claims that she is entitled to damages for emotional distress arising both from Defendant MetLife's

delay in processing her claims and from all three Defendants' wrongful denial of her claims.  However, none of the cited statutes provides for emotional distress damages in this case.

In Count 10, Plaintiff claims that she is entitled to monetary damages for emotional distress arising out of the Defendant MetLife's failure to process her claim in a timely manner.  ERISA § 503 [29 U.S.C. § 1133] requires employee benefit plans to notify claimants of the status of their claims and to provide an opportunity for review of any denial.  Associated regulations provide, <u>inter alia</u>, that claims for disability benefits must be processed within 45 days and that appeals must be reviewed by a plan fiduciary who was not responsible for the initial denial.  29 C.F.R. §§ 2560.503-1(f)(3), 2560.503-1 (h)(3)(iii), and 2560.503-1(h)(4).  Plaintiff alleges that Defendants failed to process her claim in a timely fashion and failed to assign an independent individual to review her appeal, thereby violating Section 503.

However, a violation of Section 503 does not trigger monetary sanctions.  <u>Massachusetts Mut. Life. Ins. Co. v.</u>

Russell, 473 U.S. 134, 144 (1985) (holding that "[n]othing in [29 C.F.R. § 2560.503-1 ] or [ERISA § 503] . . . expressly provides for a recovery from either the plan itself or from its administrators if greater time is required to determine the merits of an application for benefits. Rather, the regulations merely state that a claim may be treated as having been denied after the [time] period has elapsed."). Because monetary damages are not available under Section 503, Plaintiff's claims for monetary damages associated with Defendants' Section 503 violation must be dismissed.

In Counts 5, 7, and 8, Plaintiff claims that she is entitled to damages for emotional distress pursuant to ERISA § 502(a)(1)(B). (Dkt. No. 48 at 6-8.) However, ERISA section 502(a)(1)(B) does not authorize emotional distress damages; it entitles a plaintiff "to enforce his rights under the terms of the plan." If a plan's terms provide for emotional distress damages in the event of a wrongful denial of benefits, a plaintiff may use Section 502(a)(1)(B) to recover such damages. Otherwise, however, Section 502(a)(1)(B) is not applicable to the claim. In this case,

the Plan does not authorize emotional distress damages. Plaintiff's only rights under the terms of the Plan are to collect benefits erroneously denied, and Plaintiff's claim for emotional distress damages pursuant to Section 502(a)(1)(B) must therefore be dismissed.

Moreover, ERISA does not generally authorize suits for extracontractual damages -- that is, "damages separate from the benefits to which the plan documents entitle the participants -- such as emotional distress resulting from a plan's failure to honor it obligations."  Evans v. Askers, 534 F.3d 65, 73 (1st Cir. 2008).  Plaintiff's claim for emotional distress damages will therefore be dismissed in its entirety.

    D.    Fiduciary Violations (Counts 5, 7, and 8)

Counts 5, 7, and 8 allege, inter alia, that all three Defendants failed to honor the obligations of Plan fiduciaries enumerated in ERISA § 404.  Two statutes authorize participants to remedy violations of Section 404 by suing the responsible fiduciaries, but neither statute authorizes the monetary relief Plaintiff seeks.

First, pursuant to ERISA § 409 [29 U.S.C. § 1109], a

fiduciary is liable for losses to the plan associated with the fiduciary's violation of Section 404.  Under ERISA § 502(a)(2) [29 U.S.C. § 1132(a)(2)], a participant may sue for "appropriate relief" relating to such losses.  However, monetary damages are not generally payable directly to individual participants suing pursuant to Section 502(a)(2).[3]  See Massachusetts Mut. Life. Ins. Co. v. Russell, 473 U.S. 134, 140 (1985).

Second, pursuant to ERISA § 502(a)(3) [29 U.S.C. § 1132(a)(3)], a participant may sue to redress any violations of Title I of ERISA, including Section 404.  However, monetary damages are not generally available directly to a participant or beneficiary suing under Section 502(a)(3).  See Todisco v. Verizon Communs., Inc., 497 F.3d 95, 99 (1st Cir. Mass. 2007) (citing Mertens v. Hewitt Associates, 508 U.S. 248, 255-56 (1993)).

Plaintiff requests only monetary damages and has therefore not articulated a claim under ERISA § 502(a)(2) or 502(a)(3).  Accordingly, Counts 5, 7, and 8 will be

---

[3] Exceptions exist for defined contribution pension plans, such as 401(k) plans.  See LaRue v. DeWolff, Boberg & Assocs., 552 U.S. 248, 250 (2008).  Plaintiff here does not sue regarding such a plan.

dismissed to the extent that they allege that Defendants violated Section 404.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss Counts 6 and 10 are ALLOWED.  Defendants' Motions to Dismiss Counts 5, 7, and 8 are ALLOWED with respect to Plaintiffs claim for emotional distress damages, ALLOWED with respect to Plaintiff's allegations that Defendants violated ERISA § 404, DENIED with respect to Plaintiff's claim for STD benefits, and ALLOWED IN PART and DENIED IN PART with respect to Plaintiff's claim for LTD benefits. The claim for LTD benefits is remanded to Defendant MetLife and stayed for sixty days from the date of this memorandum.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge