UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


PAMELA A. JONES,            )
        Plaintiff           )
                            )
    v.                      ) C.A. No. 09-cv-30004-MAP
                            )
WALGREEN CO., ET AL.,       )
        Defendants          )


<u>MEMORANDUM AND ORDER REGARDING
DEFENDANT WALGREEN PLAN'S MOTION FOR PARTIAL SUMMARY
JUDGMENT, PLAINTIFF'S MOTION FOR DISCOVERY,
AND DEFENDANT METLIFE'S MOTION FOR CLARIFICATION AND COSTS</u>
(Dkt. Nos. 131, 136 & 137)

July 12, 2011

PONSOR, D.J.

## I. INTRODUCTION

In January 2009, Plaintiff Pamela Jones filed her ten-count complaint against her employer, Walgreen Company ("Defendant Walgreen"); Metropolitan Life Insurance Company ("Defendant MetLife"); Defendant Walgreen's Income Protection Plan for Store Managers ("Defendant Walgreen Plan"); and Michael Campbell, an employee of Defendant Walgreen. Since that time, rulings on various motions have reduced Plaintiff's claims, and what remain now are Counts V, VII, VIII, and IX, alleging violations of the Employee Retirement Income Security Act ("ERISA").

Presently before the court are Defendant Walgreen Plan's Motion for Partial Summary Judgment as to Count IX

(Dkt. No. 131), Plaintiff's Motion for Discovery (Dkt. No. 136), and Defendant MetLife's Motion for Clarification (Dkt. No. 137). For the reasons set forth below, Dkt. No. 131 will be allowed, Dkt. No. 136 denied, and Dkt. No. 137 allowed in part. The result of these rulings will be that the case will be closed pending completion of administrative proceedings, without prejudice to reopening depending on the results of these proceedings.

## II. DISCUSSION

The court fully recited the facts of this case in its prior ruling at Jones v. Walgreen Co., No. 09-cv-30004-MAP, 2011 U.S. Dist. LEXIS 18061 (D. Mass. Feb. 24, 2011). The facts framing the rulings contained in this memorandum will be repeated below as needed.

A. **Defendant Walgreen Plan's Motion for Summary Judgment on Count IX (Dkt. No. 131).**

Defendant Walgreen Co. Income Protection Plan for Store Managers ("Defendant Walgreen Plan") has moved for summary judgment on the only count remaining against it, Count IX. Count IX alleges that Defendant Walgreen Plan failed to timely disclose requested plan documents and, pursuant to 29 U.S.C. § 1132(c)(1)(b), it is liable to Plaintiff for $110 for each day that it failed to send the documents from July 20, 2007, through today. By Plaintiff's calculations the amount owed as of the end of May was $152,790. (Dkt. No.

141, Pl. Opp'n at 7.)

Defendant Walgreen Plan's motion is based on the uncontested fact that Plaintiff sent her request for plan documents to the wrong address. The Income Protection Plan for Store Managers Summary Plan Description ("Summary Plan Description") expressly provides the address of 300 Wilmot Road, Deerfield, Illinois, for employees seeking to "view or receive a copy of any Plan documents." (Dkt. No. 142, Ex. 4 at 28.) On the next page of the Summary Plan Description, employees are informed that if they "have any questions about your Plan, you may contact the Plan administrator (see page 25 for contact information) or you may contact" the 300 Wilmot Road address. (Id. at 29.) Plaintiff, apparently misreading the Summary Plan Description's directions, turned to the twenty-fifth page and sent her request for plan documents to the address listed under the plan administrator, 1417 Lake Cook Road in Deerfield.

The parties agree that Plaintiff sent her request to the wrong address and further agree that her request was received by Defendant Walgreen Plan at that wrong address. The dispute centers on whether Defendant should have sent the plan documents regardless of Plaintiff's error and, more importantly, whether its failure to do so mattered.

Defendant argues that even if it should have sent the

3

Plan documents, Plaintiff has provided no evidence that its failure prejudiced her. Recognizing that "[s]howings of bad faith and prejudice are not necessary for a court to award penalties under § 1132(c)(1)," Sullivan v. Raytheon Co., 262 F.3d 41, 52 (1st Cir. 2001), Defendant nevertheless points to Sullivan as a case in which the First Circuit affirmed a district court judge's decision not to award a penalty due to the absence of bad faith and prejudice on the part of the defendant. See also Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 588 (1st Cir. 1993) ("Although prejudice and bad faith are not prerequisites for imposition of penalties, these are factors which the district court properly considered in exercising its discretion not to impose penalties.").

Plaintiff, for her part, cites to a case from the District of Puerto Rico, in which the court found that the defendant had intentionally failed to provide the plaintiff with the requested plan documents and imposed a fine. See Villanueva Carrion v. Crown Plaza Puerto Rico, Inc., No. 05-1214, 2006 U.S. Dist. LEXIS 86156, at *4 (D. P.R. Nov. 14, 2006). The court further found, however, that although the omission was intentional, it was not premised on bad faith, and thus awarded only $15.00 per day to the plaintiff as opposed to the statutorily allowable maximum of $110.00 per

4

day.  Id. at *5.

Given Plaintiff's admitted failure to request the plan documents from the proper address and her inability to identify any prejudice that she suffered or to offer evidence of bad faith on the part of Defendant Walgreen Plan, the court will allow Defendant Walgreen Plan's motion for summary judgment as to Count IX.  (Dkt. No. 131.)

B.   Plaintiff's Motion for Discovery (Dkt. No. 136).

At the time of the March 28 status conference, Plaintiff requested permission to conduct discovery beyond the administrative record.  Because the remaining counts solely pertain to Defendant MetLife's denial of Plaintiff's application for long-term disability benefits, strict rules restrict discovery requests in this case.  The First Circuit has frequently emphasized that the court's review of ERISA claims is generally limited to the record without amplification through discovery, and "some very good reason is needed to overcome that preference."  Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). See also Liston v. Unum Corp. Officer Sev. Plan, 330 F.3d 19, 24 (1st Cir. 2003) ("Even where de novo review exists under ERISA, it is at least doubtful that courts should be in a hurry to consider evidence or claims not presented to the plan administrator.").

Plaintiff has provided no "good reason" for the court to set aside the First Circuit's clear preference and allow discovery. First, on a procedural level, Plaintiff filed an administrative appeal of the denial of benefits. Thus, to seek discovery on the initial denial is premature because Defendant MetLife may reverse its original decision.

Second, on a substantive level, Plaintiff's argument that Defendants Walgreen and MetLife are working together against her has no support in the record. Defendant Walgreen's long-term disability ("LTD") plan booklet states that Defendant MetLife "becomes directly responsible for all further benefits under the terms of an insurance contract between MetLife and Walgreen Co." (Dkt. No. 142, Ex. 4 at 9.) Plaintiff suggests that the fact that her LTD check for $46,260 was issued by Defendant Walgreen and not by Defendant MetLife is evidence that "Walgreens received a corresponding benefit in exchange for paying $46,260 of MetLife's obligations." (Dkt. No. 136, Pl. Mot. for Disc. at 6.) A cursory glance at the LTD plan booklet, however, reveals that it also states, "Costs for this plan are paid entirely by Walgreen Co." (Dkt. No. 142, Ex. 4 at 6.) At worst, the plan is ambiguous about which entity will be issuing the actual check. Plaintiff's speculative accusations of improper collusion provide no grounds for

discovery, and her motion for discovery will be denied accordingly. (Dkt. No. 136.)

C. **Defendant MetLife's Motion for Clarification and Costs (Dkt. No. 137).**

Defendant MetLife's motion for clarification concerns an issue that was addressed at length at the March status conference with the parties. Plaintiff sought to proceed in this court on the counts of her complaint related to Defendant MetLife's initial denial of her disability claim, while simultaneously holding open the option of filing an administrative appeal of that denial. Pursuant to Defendant MetLife's policy, this appeal had to be filed by mid-July. Defendant MetLife complained that allowing Plaintiff to proceed down this dual path placed it in the unfair position of having to expend resources to file a motion for summary judgment based on Plaintiff's failure to exhaust her administrative remedies, only to be confronted a month or so later by her administrative appeal, which would, of course, render its argument moot. Defendant MetLife thus requested that the court order Plaintiff to choose which path she was going to take. Plaintiff, meanwhile, was insistent that the court's ruling on her discovery motion would guide her decision as to whether to file an administrative appeal. In response, the court ordered any motions on the remaining claims to be filed by April 25.

Defendant MetLife, according to its memorandum, was working on its summary judgment motion on the remaining counts when it finally received notice from Plaintiff of an administrative appeal. It thus stopped working on the summary judgment motion and filed, instead, this motion for clarification, seeking an order from the court as to whether it (a) should proceed with its summary judgment motion or (b) consider Plaintiff's administrative appeal. If it should consider Plaintiff's administrative appeal, Defendant MetLife further requested an order that Plaintiff pay its attorney's fees in connection with its preparation of its summary judgment motion and sought a dismissal of the remaining ERISA counts, Counts V, VII, and VIII, without prejudice.

It is well settled that "[b]efore a plaintiff asserts an ERISA claim . . . [s]he first must exhaust [her] administrative remedies." Madera v. Marsh USA, Inc., 426 F.3d 56, 62 (1st Cir. 2005). Based on this, the correct course is for Defendant MetLife to consider Plaintiff's administrative appeal and for the court to dismiss the remaining counts, without prejudice, while that appeal is pending. See Rivera-Diaz v. American Airlines, Inc., No. 99-2282, 2000 U.S. App. LEXIS 18008, at *4 (1st Cir. July 25, 2000) (noting that the "proper remedy where complaint

was dismissed due to failure to exhaust administrative remedies is to dismiss without prejudice") (citing <u>Donnelly v. Yellow Freight Sys., Inc.</u>, 874 F.2d 402, 410 n.11 (7th Cir. 1989)). The court's ruling will permit Plaintiff to re-file her complaint if her appeal is denied.

With respect to Defendant MetLife's request for attorney's fees, since the court did not order Plaintiff to make an immediate choice between proceeding with her claims in this court and pursuing an administrative appeal, it would be unfair now to sanction Plaintiff for hedging her bets. The aspect of the motion for clarification seeking attorney's fees will therefore be denied.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Walgreen Plan's Motion for Partial Summary Judgment as to Count IX (Dkt. No. 131) is hereby ALLOWED. Plaintiff's Motion for Discovery (Dkt. No. 136) is hereby DENIED. Defendant MetLife's Motion for Clarification and Costs (Dkt. No. 137) is hereby DENIED insofar as it requests attorney's fees and ALLOWED insofar as it requests dismissal without prejudice of Counts V, VII, and VIII. Counts V, VII, and VIII are dismissed without prejudice subject to re-filing depending on the outcome of Plaintiff's administrative appeal. This case may now be

closed.

It is So Ordered.

>  /s/ Michael A. Ponsor
>  MICHAEL A. PONSOR
>  U. S. District Judge