UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAMELA A. JONES,            )
        Plaintiff           )
                            )
        v.                  ) C.A. No. 09-cv-30004-MAP
                            )
WALGREEN CO., ET AL.,       )
        Defendants          )

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
(Dkt. No. 148)

February 23, 2011

PONSOR, U.S.D.J.

I. INTRODUCTION

In January 2009, Plaintiff Pamela Jones filed a ten-count complaint against her employer, Walgreen Company ("Defendant Walgreen"); Metropolitan Life Insurance Company ("Defendant MetLife"); Defendant Walgreen's Income Protection Plan for Store Managers ("Defendant Walgreen Plan"); and Michael Campbell, an employee of Defendant Walgreen. Plaintiff alleged retaliation and discrimination on the basis of disability along with various violations of the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1001 et seq. Of these ten claims, the court eventually ruled against Plaintiff on nine of them and dismissed one without prejudice pending administrative

exhaustion.[1]

On July 26, 2011, Plaintiff filed the motion for attorney's fees and costs now before the court (Dkt. No. 148). On August 9, 2011 Plaintiff filed a Notice of Appeal (Dkt. No. 152), and on October 3, 2011, Plaintiff filed, without comment, a copy of a letter from Defendant MetLife dated September 15, 2011 reversing its previous decision and reinstating Plaintiffs' long-term disability benefits (Dkt. No. 157).

For the reasons that follow, Plaintiff's motion for attorney's fees and costs will be allowed, in part.

## II. DISCUSSION

Plaintiff seeks her ERISA-related attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), which grants courts the discretion to award reasonable attorney's fees and costs to either party in any ERISA action. Although the statute does not specify any standard to be used in the fee determination, the Supreme Court has clarified that an award of attorney's fees is proper where the party has had "some degree of success on the merits." Hardt v. Reliance Std. Life Ins. Co., 130 S. Ct. 2149, 2158 (2010). Plaintiff

---

[1] The court's prior rulings are Jones v. Walgreen Co., No. 09-cv-30004-MAP, 2011 U.S. Dist. LEXIS 74748 (D. Mass. July 12, 2011); Jones v. Walgreen Co., 765 F. Supp. 2d 100 (D. Mass. 2011); and Jones v. Metro. Life Ins. Co., 729 F. Supp. 2d 467 (D. Mass. 2010).

contends that Defendants revisited her application for short-term disability benefits, ultimately reversing the initial denial and awarding them in August 2009, only because she filed her complaint.  This, Plaintiff argues, constitutes sufficient success to warrant an award of $96,950.00 in attorney's fees (387.8 hours at $250.00 per hour).  As noted above, subsequent to the filing of Plaintiff's motion for fees, Defendants reversed their decision regarding long-term disability benefits as well.  Defendant responds that Plaintiff is entitled to __no__ fee award, since she did not achieve any degree of success on the merits, or alternatively is entitled to only a fraction of the requested fee.

 At the heart of this dispute is a conundrum unique, as far as the court is aware, to this case.  The tangle arises from the fact that the complaint is a hybrid, offering claims for both disability discrimination and for ERISA violations.  A crude summary of the problem caused by this combination would be as follows.  Plaintiff contended in the employment discrimination portion of her lawsuit that Defendants exhibited actionable bias against her by firing her for a perceived disability, when in fact she was capable of performing her job.  At the same time, Plaintiff also contended in the ERISA portion of her lawsuit that she __was__

disabled and incapable of performing the duties of her job, and that the failure of Defendants to pay her disability benefits violated the ERISA statute. Defendants, for their part, contended that Plaintiff <u>was</u> disabled, and unable to perform the functions of her job, and that the decision to terminate her was therefore not discriminatory. At the same time, they also contended that Plaintiff was <u>not</u> disabled and that their decision to deny her short- and long-term disability benefits did not violate ERISA.

The parties' paradoxical positions took form in the record of the case. Plaintiff, when she initially applied for ERISA benefits, listed the date of the onset of her disability as occurring <u>after</u> she terminated her employment. Presumably, she picked this date because she disagreed with Defendants' opinion that she was disabled while she was employed. But Defendants' disability policy allowed payment of disability benefits only when the disability arose <u>during employment</u>. Taking Plaintiff at her word, and accepting her representation that her disability only arose after she left her employment, they concluded that Plaintiff was ineligible for benefits. Defendants rejected the application, however, knowing that they had terminated Plaintiff precisely because her disability <u>did</u> arise during her time of employment and rendered her incapable of doing her job.

At various times during this litigation the court tried to persuade counsel to adopt consistent theories, but without much success. Each side blamed the other for the mess. Eventually, the court granted Defendants' motion for summary judgment, in part, on the ERISA claims, remanding Plaintiff's claim for long-term disability benefits for further review. Jones v. Walgreen Co., 729 F. Supp. 2d 467 (D. Mass. 2010). As noted, the remand has resulted in a decision reversing Defendants' position on long-term benefits, which Plaintiff will now receive.

Six months after its ruling on the ERISA portion of the complaint, the court rendered its decision on the retaliation and disability discrimination portion, allowing Defendant Walgreen's motion for summary judgment in its entirety. Jones v. Walgreen Co., 765 F. Supp.2d 100 (D. Mass. 2011).

Although it is difficult, in these circumstances, to trace precisely the boundary of the area where Plaintiff's counsel achieved success, it is clear from the record that he did achieve some success, in the sense that Plaintiff might never have received ERISA benefits without this litigation. Defendant's argument that Plaintiff would have received her benefits without filing a lawsuit if she had merely acknowledged, at the time of her initial application,

that she was disabled while employed is doubtful, or at most speculative.

In a determination concerning whether to award reasonable attorney's fees, "[t]he statutory standard is satisfied as long as the merits outcome produces some meaningful benefit for the fee-seeker."  <u>Gastronomical Workers Union Local 610 v. Dorado Beach Hotel Corp.</u>, 617 F.3d 54, 66 (1st Cir. 2010).  The lawsuit was filed in January 2009, and in August 2009 Defendants reversed their decision on short-term disability benefits.  Following a court-ordered remand for further reconsideration, Defendants entirely reversed their position with regard to long-term disability benefits as well in September of 2011.  Under these circumstances, the court must conclude that Plaintiff has achieved success that is "'substantial' or [that] occurred on a 'central issue.'"  <u>Hardt</u>, 130 S. Ct. at 2158 (quoting <u>Ruckelshaus v. Sierra Club</u>, 463 U.S. 680, 688 n.9 (1983)).

While Plaintiff is entitled to an award of fees, the amount requested by Plaintiff, $96,950.00, covering 387.8 hours of work, far exceeds what is reasonable.  Plaintiff claims that her fee request is <u>only</u> for her ERISA claims, and not for the unsuccessful employment discrimination portion of the lawsuit.  Yet, as Defendants' memorandum

6

points out, many hours spent conducting depositions, consulting with experts, and preparing for trial appear unconnected with the claim for disability benefits. Moreover, it cannot be denied that Plaintiff's inconsistent positions with regard to her disability played a significant part -- in tandem, admittedly, with Defendants' own inconsistencies -- in generating delay and time-consuming confusion.

The First Circuit has laid out five factors to be considered in weighing an award of fees in an ERISA case: the degree of bad faith or culpability exhibited by the losing party; the losing party's capacity to pay an award; the potential deterring effect of an award; the benefit achieved by plan participants generally by the moving party's success; and the relative merits of the parties' positions. Cottrill v. Sparrow, Johnson & Ursilla, Inc., 100 F.3d 220, 225 (1st Cir. 1996), abrogated on other grounds, Hart, 130 S.Ct. at 2157.  These factors are not to be applied rigidly and should be viewed through the lens of the Supreme Court's subsequent Hardt decision.

Here these factors counsel a modest award.  Given Plaintiff's own estimate of the onset date of her disability and the confusion of claims, Defendants' culpability was not egregious, and the other factors do not warrant an award at

the level claimed. It is well established that a disputed motion for fees should not be permitted to degenerate into a mini-trial and that a court may make its own estimate of a proper fee without parsing the request line by line, provided that its reasoning is clear enough to permit review. In the unique circumstances of this case, a fair assessment of the time reasonably needed to achieve the limited success ultimately realized, with a generous eye to Plaintiff, would be 150 hours. Accepting counsel's claimed hourly rate of $250, a reasonable fee award would be $37,500.00. Counsel's motion refers to "costs" as well as fees but contains no specification of any costs actually incurred. No costs will therefore be awarded.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Costs (Dkt. No. 148) is hereby ALLOWED in the amount of $37,500.00.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U.S. District Judge