DENIED. Reviewing the history of the ERISA portion of this case, including the Walgreens' Defendants' sometimes-inconsistent responses, the court finds the modest fee award fair and appropriate. So ordered.

Michael A. Ponsor
USDJ
4-23-12

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PAMELA A. JONES,

    Plaintiff,

v.

WALGREEN CO., WALGREEN CO. INCOME PROTECTION PLAN FOR STORE MANAGERS, METROPOLITAN LIFE INSURANCE COMPANY and MICHAEL CAMPBELL,

    Defendants.

CIVIL ACTION NO. 09cv30004-MAP

## WALGREENS DEFENDANTS' MOTION FOR RELIEF FROM ORDER ON ATTORNEY'S FEES

Now come Defendants Walgreen Co., Walgreen Co. Income Protection Plan for Store Managers, and Michael Campbell (collectively, the "Walgreens Defendants"), and pursuant to Rule 60 of the Federal Rules of Civil Procedure, respectfully submit this Motion for Relief (the "Motion") from the Court's Order on Attorney's Fees dated February 23, 2012 ("the Order") (Docket No. 158). The Order awards Plaintiff Pamela A. Jones ("Ms. Jones") attorney's fees in the amount of $37,500.00 for her claim under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

As grounds for this Motion, and as set forth more fully in the supporting memorandum of law filed herewith, the Walgreens Defendants state as follows: (1) Ms. Jones is not entitled to attorney's fees after August 31, 2009, the date on which Walgreens reversed its earlier decision that she did not meet the threshold eligibility requirement for benefits; (2) the Court erroneously based its fee award on an incorrect factual assumption that the Walgreens Defendants "reversed